JOHN L. BURRIS, Esq./ State Bar # 69888
LAW OFFICES OF JOHN L. BURRIS
7677 Oakport Street, Suite 1120
Oakland, CA 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882

GAYLA B. LIBET, Esq./ State Bar # 109173
LAW OFFICES OF GAYLA B. LIBET
486 41st Street, # 3
Oakland, CA 94609
Telephone and Facsimile: (510) 420-0324

Attorneys for Plaintiffs



## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

YIN LING LEE and LILY SEID,

      Plaintiffs,

vs.

CITY OF EL CERRITO, a municipal corporation;
SCOTT KIRKLAND, in his capacity as Chief of
Police for CITY OF EL CERRITO; and, DOES 1-25,
inclusive, individually, and in their capacity as police
officers for CITY OF EL CERRITO,

      Defendants.     /

Action No.

C08-02966

**COMPLAINT FOR VIOLATION
OF CIVIL RIGHTS AND DAMAGES**

### JURISDICTION

1. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is

conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.

The unlawful acts and practices alleged herein occurred in the City of El Cerrito, California, which

is within this judicial district. Venue is conferred upon this Court by Title 28 United States Code

Section 1391(b).

**PARTIES**

2. Plaintiffs YIN LING LEE and LILY SEID are, and at all times herein mentioned were, citizens of the United States residing in Berkeley, in the County of Alameda, California. Plaintiffs are Asian American women.

3. Defendant CITY OF EL CERRITO (hereinafter referred to as "CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. At all times herein mentioned, defendant, SCOTT KIRKLAND, was the Chief of Police for the CITY. Defendant, SCOTT KIRKLAND, is sued herein in his capacity as the Chief of Police for the CITY.

4. At all times mentioned herein, defendants DOES 1-25, inclusive, were employed by defendant CITY as police officers. Defendant police officers are sued herein individually, and in their capacity as police officers for defendant CITY. In engaging in the conduct described herein, defendant police officers acted under color of law and in the course and scope of their employment by defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by defendant CITY. On information and belief, plaintiffs allege that defendants DOES 1-25, inclusive, are Caucasian.

5. DOES 1-10, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were directly involved in the wrongful assault and battery against plaintiffs, and the wrongful and false detention of plaintiffs, as described hereinafter.

6. DOES 11-25, inclusive, are defendant police officers employed by defendant CITY, acting within the course and scope of their employment by defendant CITY, who were employed in a supervisory capacity by defendant CITY and were responsible in some manner for properly and adequately hiring, retaining, supervising, disciplining, and training defendant police officers DOES 1-10, in the proper and reasonable use of force, effecting proper detentions and arrests, and treating persons in a manner that is not racially discriminatory.

7. Plaintiffs are ignorant of the true names and capacities of defendant DOES 1-25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiffs are informed and believe

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES

2

and thereon allege that each defendant so named is responsible in some manner for the injuries and damages suffered by plaintiffs as set forth herein. Plaintiffs will amend their Complaint to state the true names and capacities of defendants DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, defendant police officers acted under the color of law and in the course and scope of their employment with defendant CITY. In engaging in the conduct described herein, defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions, and as employees of defendant CITY.

9. For State causes of action related to Federal claims, plaintiffs are required to comply with an administrative claim requirement under California law. Plaintiffs have complied with all applicable requirements.

### STATEMENT OF FACTS

10. On May 17, 2007, at approximately 7:45 p.m., plaintiff YIN LING LEE, age 54, and her mother, plaintiff LILY SEID, age 81, were driving home to Berkeley, and had made a few stops along the way to pick up discarded cans for recycling. Plaintiff YIN LING LEE was driving with her mother LILY SEID as passenger. When plaintiffs were driving in the vicinity of Oak Street and Central Avenue in El Cerrito, California, they saw that defendant police officers were behind them with their red light on, so plaintiff LEE pulled over and stopped her car. Other defendant officers also arrived at this time. Defendant officers DOES 1-10 commanded YIN LING LEE to get out of her car, but since she was not fluent in English and was afraid for her safety she did not get out of her car. Then, one of defendant officers reached into plaintiff's car, unhooked plaintiff YIN LEE's seatbelt and assaulted and battered her by touching her breasts, and then grabbing her arm and forcibly yanking her out of her car.

11. Then three defendant police officers assaulted and battered plaintiff YIN LING LEE by performing a full body search on her, including touching her breasts and bottom, and then handcuffing her roughly with her hands behind her back. Then, defendant police officers caused plaintiff LEE to bang her head on the side of a police car as they shoved her into said police car.

12.  Plaintiff LILY SEID was standing outside her vehicle in the cold air, coughing, shaking, and scared.  As she lifted a water bottle to drink, one of defendant police officers assaulted and battered plaintiff LILY SEID in that he yanked the bottle from her and knocked it to the ground, and in the process of yanking LILY SEID's arm, said defendant officer caused her to fall forward to the ground, scraping and bruising her knee.  Plaintiff LILY SEID began to choke as she crawled on the ground begging defendant officers for her water bottle.  One of defendant officers eventually gave her the water bottle after he had emptied it on the ground.

13.  More defendant officers arrived on the scene, and finally, a Chinese-American officer arrived on the scene.  Plaintiff LILY SEID asked him why her daughter was being arrested.  He told her it was illegal to pick up empty cans and bottles on the street.  She said she did not know that, but she had told her daughter, plaintiff LEE, to pick up cans and bottles, so they should arrest her instead of her daughter.  Said Chinese-American officer then told plaintiff YIN LING LEE it was illegal to pick up empty cans and bottles on the street.  Plaintiff YIN LING LEE then told him that defendant officers had used excessive force against her, but he ignored her statements.  Said officer told plaintiff LILY SEID that her daughter was going to jail and she should take the Bart train home.  She replied it was too late for her to take Bart, so one of the officers drove her home.

14.  Defendant officers drove plaintiff YIN LING LEE to the police station and booked her.  There was never a Chinese-English interpreter or access to legal counsel provided for plaintiff LEE.  Defendant officers was told to use the restroom with the door open so they could see her.  Then they locked her up in a small room.  Two hours later, defendants released plaintiff LEE.

15.  Plaintiffs had not done anything to provoke this assault and battery on them, and did nothing to physically resist these officers.  Further, plaintiffs were unarmed.  Further, plaintiffs complied with all orders given them by defendant police officers which they could understand.

16.  The above-described assault and battery and wrongful detention of plaintiffs by defendant police officers was brutal, malicious, and was done without any just provocation or cause, proximately causing injuries and damages to plaintiffs.

## DAMAGES

17.  As the direct and proximate result of defendants' wrongful conduct, including assault; false

detention and imprisonment; and violation of civil rights, plaintiffs were injured and damaged, as set forth herein. As a direct and proximate result of defendant officers' wrongful conduct, plaintiffs suffered the following injuries and damages:

a. Violation of their constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of their persons;

b. Loss of physical liberty;

c. Physical injuries, pain and suffering, emotional trauma and suffering, and medical expenses;

d. Violations of the following clearly established and well-settled federal constitutional rights include but are not limited to: (1) freedom from unreasonable search and seizure of their persons under the Fourth Amendment to the United States Contitution; and, (2) right to equal protection under the Fourteenth Amendment to the United States Constitution;

e. The conduct of defendant police officers DOES 1-10, inclusive, was malicious, wanton, and oppressive. Plaintiffs are therefore entitled to an award of punitive damages against said defendant police officers; and,

f. Plaintiffs found it necessary to engage the services of private counsel to vindicate their rights under the law. Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.

## **FIRST CAUSE OF ACTION**
### (42 U.S.C. Section 1983)
### (Against defendant police officers DOES 1-10, inclusive)

18. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 17 of this Complaint.

19. In doing the acts complained of herein, defendant police officers DOES 1-10, inclusive, acted under color of law to deprive plaintiffs of certain constitutionally protected rights including, but not limited to:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Against defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive)

20. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 19 of this Complaint.

21. Plaintiffs are informed and believe and thereon allege that prior to the date of the subject incident on 5-17-08, defendant police officers DOES 1-10 had a history of engaging in acts of assault; effecting false arrests; and treating persons in a racially discriminatory manner, of which defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiffs.

22. Plaintiffs are informed and believe and thereon allege that despite having such notice of defendant police officers DOES 1-10's prior misconduct, defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and civil rights violations by defendant police officers DOES 1-10, inclusive.

23. Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the prior misconduct of defendant police officers DOES 1-10, inclusive, defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers DOES 1-10, inclusive, to continue their course of misconduct, resulting in the violation of plaintiffs' rights and injuries and damages to plaintiffs as alleged herein.

24. Defendant CITY, by and through its supervisory employees and agents, SCOTT KIRKLAND, Chief of Police for defendant CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States

Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer

employees so as to avoid unreasonable risk of harm to citizens as the proximate result of CITY

police officers assaulting, effecting false arrests and imprisonments, and/or subjecting persons to

racially discriminatorily motivated misconduct. With deliberate indifference, defendants CITY,

SCOTT KIRKLAND; and DOES 11-25, inclusive, failed to take necessary, proper, or adequate

measures in order to prevent the violation of plaintiff's rights and injuries to plaintiff. With

deliberate indifference, defendants CITY, SCOTT KIRKLAND, and DOES 11-25, inclusive,

breached their duty of care to plaintiff in that: (1) They failed to adequately hire, retain, supervise,

discipline, and train police officers, including defendants DOES 1-10, in the proper use of force;

effecting proper and reasonable arrests and detentions; and treating citizens in a manner that is not

racially discriminatory; (2) They failed to have adequate policies and procedures regarding proper

use of force; effecting proper arrests and detentions; and treating citizens in a manner that is not

racially discriminatory; (3) They acted with deliberate indifference, in reckless and/or conscious

disregard of the prior misconduct of defendant police officers DOES 1-10, and, (4) They approved,

ratified, condoned, encouraged and/or tacitly authorized defendant police officers DOES 1-10 to

continue their course of misconduct of unreasonable assaults; effecting false arrests and detentions,

and treating persons in a manner that is racially discriminatory, resulting in violation of plaintiff's

rights, and injuries and damages to plaintiff as alleged herein.

25. This lack of adequate hiring, retention, supervision, training, and discipline of named

defendant police officers demonstrates the existence of an informal custom or policy of promoting,

tolerating, and/or ratifying the continuing unreasonable assaults; wrongful false arrests and

detentions; and treating persons in a racially discriminatory manner by police officers employed by

defendant CITY.

26. The above-described misconduct by defendants CITY; SCOTT KIRKLAND; and

DOES 11-25, inclusive, resulted in the deprivation of plaintiffs' constitutional rights, including but

not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth

amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

27. Further, the acts of defendant police officers DOES 1-10 alleged herein, are a direct and proximate result of the abovementioned wrongful conduct of defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive. Plaintiffs' injuries and damages were a foreseeable and proximate result of the the abovementioned wrongful conduct of defendant police officers DOES 1-10, and the abovementioned wrongful conduct of CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
**(Assault and Battery)**
**(Against defendant police officers DOES 1-10, inclusive)**

28. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 27 of this Complaint.

29. Defendant police officers DOES 1-10, inclusive, placed plaintiffs in immediate fear of death and severe bodily harm by assaulting and battering him without any just provocation or cause. Said defendants' conduct was neither privileged nor justified under statute or common law.

30. As a proximate result of said defendants' conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (False Arrest and Imprisonment)
### (Against defendant police officers DOES 1-10, inclusive)

31. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 30 of this Complaint.

32. Defendant police officers DOES 1-10, inclusive, falsely detained and imprisoned plaintiffs without just provocation or probable cause. Plaintiffs had not committed any crime, and there was no basis upon which defendant officers could have reasonably believed that plaintiffs had committed a crime.

33. Said defendant officers failed to observe proper or reasonable procedures in falsely detaining and/or arresting and imprisoning plaintiffs without probable cause.

34. As a proximate result of said defendants' conduct, plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Against defendant police officers DOES 1-10, inclusive)

35. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 36 of this Complaint.

36. The conduct of defendant police officers DOES 1-10, inclusive, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Said defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon plaintiffs.

37. As a proximate result of said defendant officers' willful, intentional and malicious conduct, plaintiffs suffered severe and extreme mental and emotional distress. Therefore, plaintiffs are entitled to an award of punitive damages against said defendants. Plaintiffs have suffered injuries and damages as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

**SIXTH CAUSE OF ACTION**
**(Violation of Civil Code Section 52.1)**
**(Against defendant police officers DOES 1-10, inclusive)**

38. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 37 of this Complaint.

39. The conduct of defendant police officers DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for defendant CITY, violated California Civil Code Section 52.1, in that they interfered with plaintiffs' exercise and enjoyment of their civil rights, by assaulting and battering him, and wrongfully detaining and/or arresting and imprisoning plaintiffs. Further, said defendant officers violated plaintiffs' right to be from racial discrimination pursuant to the 14th Amendment of the U.S. Constitution; California Constitution; and various federal and California statutes, including California Civil Code Section 52.1, in that their misconduct towards plaintiffs was motivated by racial animus.

40. As a direct and proximate result of said defendants' violation of Civil Code Section 52.1, plaintiffs suffered violation of their constitutional rights, and suffered damages as set forth herein.

41. Plaintiffs are entitled to injunctive relief and an award of their reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, plaintiffs pray for relief, as hereinafter set forth.

**SEVENTH CAUSE OF ACTION**
**(Negligence)**
**(Against defendant police officers DOES 1-10, inclusive)**

42. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 41 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

43. At all times herein mentioned, defendant police officers DOES 1-10, inclusive, were subject to a duty of care to avoid causing injuries and damages to persons by not unreasonably and wrongfully assaulting or battering them, and by not effecting wrongful detentions and arrests. Also, defendant police officers DOES 1-10, inclusive, were subject to a duty of care to take some reasonable action to attempt to prevent their coemployee police officers from wrongfully assaulting,

battering, and wrongfully arresting persons. The wrongful conduct of defendant police officers DOES 1-10, inclusive, as set forth herein, did not comply with the standard of care to be exercised by reasonable police officers acting in similar circumstances, proximately causing plaintiffs to suffer injuries and damages as set forth herein.

44. As a proximate result of said defendants' negligent conduct, plaintiffs suffered severe and extreme emotional and mental distress and injury, having a traumatic effect on plaintiffs' emotional tranquility, and damages.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
**(Negligent Hiring, Retention, Training, Supervision, and Discipline)**
**(Against defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive)**

45. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 44 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

46. Plaintiffs are informed and believe and thereon allege that prior to the date of the subject incident on 5-17-07, defendant police officers DOES 1-10, inclusive, had a history of engaging in acts of assault; effecting false arrests and detentions, and/or treating persons in a racially discriminatory manner, of which defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, knew or reasonably should have known for some time prior to the subject incident involving plaintiff on 5-17-07.

47. Plaintiffs are informed and believe and thereon allege that despite having such notice of defendant police officers DOES 1-10's prior misconduct, defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, negligently ratified, condoned, encouraged and/or tacitly authorized the continuing misconduct and civil rights violations by defendant police officers DOES 1-10, inclusive, of unreasonable and wrongful assaults; effecting false arrests and detentions; and/or treating persons in a racially discriminatory manner.

48. Plaintiffs are further informed and believe and thereon allege that as a result of their reckless and/or conscious disregard of the prior misconduct of defendant police officers DOES 1-10, defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, approved, ratified, condoned,

encouraged and/or tacitly authorized defendant police officers DOES 1-10 to continue their course of misconduct, resulting in the violation of plaintiffs' rights and injuries and damages to plaintiffs as alleged herein.

49. Defendant CITY, by and through its supervisory employees and agents, SCOTT KIRKLAND, Chief of Police for CITY, and DOES 11-25, inclusive, has and had a mandatory duty of care imposed on it by the 4th and 14th Amendments to the United States Constitution, to properly and adequately hire, train, retain, supervise, and discipline its police officer employees so as to avoid unreasonable risk of harm to persons as the proximate result of CITY police officers' unreasonable assaults; effecting false arrests, detentions, and imprisonments; and/or subjecting persons to racially discriminatorily motivated misconduct. Defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, negligently failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiffs' rights and injuries to plaintiffs. Defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, breached their duty of care to plaintiff in that: (1) They negligently failed to adequately hire, retain, train, supervise, and/or discipline CITY police officers, including defendants DOES 1-10, inclusive, in the proper and reasonable use of force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially discriminatory; (2) They negligently failed to have adequate policies and procedures regarding proper and reasonable use of force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially discriminatory; (3) They acted with reckless and/or conscious disregard of the prior misconduct of defendant police officers DOES 1-10 by negligently failing to adequately hire, retain, train, supervise, and/or discipline defendant police officers DOES 1-10 in the use of reasonable force; effecting proper and reasonable arrests and detentions; and/or treating persons in a manner that is not racially discriminatory; and, (4) They approved, ratified, condoned, encouraged and/or tacitly authorized defendant police officers DOES 1-10 to continue their course of misconduct, resulting in the violation of plaintiffs' rights, and injuries and damages to plaintiffs as alleged herein.

50. The above-described negligent misconduct by defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive, resulted in the deprivation of plaintiffs' constitutional rights, including but

not limited to the following:

a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth Amendment to the United States Constitution;

b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and,

d. The right to be free from interferences with the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

51. Further, the acts of defendant police officers DOES 1-10, inclusive, alleged herein, are a direct and proximate result of the abovementioned negligent wrongful conduct of defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive. Plaintiffs' injuries and damages were a foreseeable and proximate result of the abovementioned wrongful conduct of defendant police officers DOES 1-10, inclusive, and the abovementioned wrongful conduct of defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive.

52. Defendant CITY is liable to plaintiffs pursuant to Govt. Code Section 815.6; and defendants SCOTT KIRKLAND; and DOES 11-25, inclusive, are liable to plaintiffs pursuant to Govt. Code Sections 820.2 and 820.4, for plaintiffs' injuries and damages hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Vicarious Liability)**
**(Against defendant CITY OF EL CERRITO)**

53. Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 52 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

54. Pursuant to Government Code Section 815.2(a), defendant CITY OF EL CERRITO is

vicariously liable to plaintiffs for their injuries and damages alleged herein, incurred as a proximate result of the aforementioned intentional and/or negligent wrongful conduct of defendant police officers DOES 1-25, inclusive, as set forth in plaintiffs' First Cause of Action, and Third through Eighth Causes of Action herein.

55. As a proximate result of defendants' conduct, plaintiffs suffered injuries and damages, as hereinafter set forth.

WHEREFORE, plaintiffs pray for relief as hereinafter set forth.

### JURY DEMAND

56. Plaintiffs hereby demand a jury trial in this action.

### PRAYER

WHEREFORE, plaintiffs pray for relief, as follows:

1. For general damages in the sum of $ 500,000.00;

2. For special damages according to proof;

3. For punitive damages against defendant police officers DOES 1-10, inclusive, according to proof;

4. For injunctive relief enjoining defendant CITY OF EL CERRITO from authorizing, allowing, or ratifying the practice by any of their employees of making unreasonable and wrongful assaults on persons; effecting unreasonable and improper arrests, detentions, and imprisonments of persons; and, from treating persons in a manner that is racially discriminatory, in violation of California Civil Code Section 52.1;

5. For violation of California Civil Code Sections 52 and 52.1, punitive damages against defendant police officers DOES 1-10, inclusive; $ 75,000.00 for each offense; and reasonable attorney's fees;

6. For reasonable attorney's fees pursuant to 42 U.S.C. Sections 1983 and 1988;

7. For costs of suit herein incurred; and,

8. For such other and further relief as the Court deems just and proper.

LAW OFFICES OF GAYLA B. LIBET

Dated: 6-13-08     By: _Gayla B. Libet_
GAYLA B. LIBET, Esq.
Attorneys for Plaintiffs