JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
McNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
City of El Cerrito and Scott Kirkland

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YIN LING LEE and LILY SEID,<br><br>　　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF EL CERRITO, a municipal corporation; SCOTT KIRKLAND, in his capacity as Chief of Police for CITY OF EL CERRITO; and, DOES 1-25, inclusive, individually, and in their capacity as police officers for CITY OF EL CERRITO,<br><br>　　　　　　Defendants. | Case No. C08-02966 SI<br><br>**ANSWER TO COMPLAINT** |

　　　　This answer to Plaintiffs' YIN LING LEE and LILY SEID ("Plaintiffs") Complaint for Damages (hereafter "Complaint") is being submitted by Defendants CITY OF EL CERRITO and SCOTT KIRKLAND ("Defendants"). Defendants herein demand a jury trial.

## JURISDICTION

　　　　1.　　These answering Defendants neither admit nor deny the allegations in paragraph 1 as they are legal matters not proper for admission or denial.

## PARTIES

　　　　2.　　These answering Defendants neither admit nor deny the allegations in paragraph 2 relating to Plaintiffs.

　　　　3.　　These answering Defendants admit that the City of El Cerrito is a municipal

ANSWER TO COMPLAINT – C08-02966 SI

corporation organized under the laws of the State of California and that the City of El Cerrito oversees the operations of the El Cerrito Police Department per the allegations in paragraph 3. Defendants further admit that Defendant SCOTT KIRKLAND is and was the Chief of Police for the El Cerrito Police Department at the times these events allegedly occurred. These answering Defendants neither admit nor deny the remaining allegations in paragraph 3 as they are legal matters not proper for admission or denial.

4. These answering Defendants neither admit nor deny the allegations in paragraphs 4 through 9 as they are legal matters not proper for admission or denial.

## STATEMENT OF FACTS

5. In answering the allegations in paragraphs 10 through 16, these answering Defendants respond as follows.

6. On May 17, 2007, El Cerrito Police Department ("ECPD") officers were dispatched to the area of 612 Lexington Avenue in El Cerrito per a report of a subject (reported as an Asian woman) taking recyclables from the curbside recycling bins. This was a violation of the El Cerrito Municipal Code ("ECMC") § 8.12.140 (Illegal collection of materials/theft of recyclables). The subject was identified as driving a white Toyota vehicle, California license plate 5CAP721. Officers located the white Toyota vehicle in the area of Oak Street and Central Avenue in El Cerrito. Inside of the white Toyota vehicle were the Plaintiffs as well as several plastic bags filled with recyclables.

7. The reporting party, Leon Theriault, identified Plaintiff Yin Ling Lee, the driver of the white Toyota, as the woman he saw removing several items from his recycling bin on his property. After witnessing Plaintiff Yin Ling Lee remove items from his recycling bin, Leon Theriault then followed the white Toyota in his vehicle and witnessed Plaintiff Yin Ling Lee remove items from other recycling bins in the area. Leon Theriault wished to have Plaintiff Yin Ling Lee placed under citizen's arrest for a violation of ECMC § 8.12.140.

8. When officers of the ECPD attempted to get Plaintiff Yin Ling Lee out of her vehicle and then later to arrest her per the citizen's arrest, Plaintiff Yin Ling Lee violently resisted the officers, committed battery on the police officers and resisted arrest. Several officer were

ANSWER TO COMPLAINT – C08-02966 SI        2

injured due to Plaintiff Yin Ling Lee's violent resistance.

9. The passenger in Plaintiff Yin Ling Lee's white Toyota vehicle, her elderly mother Lily Seid (identified in the police reports as Lai Jan Lee), was not arrested. After Plaintiff Yin Ling Lee was arrested, Plaintiff Lily Seid was transported back to her residence in Berkeley by an officer of ECPD.

10. After Plaintiff Yin Ling Lee was arrested, she was transported to ECPD for booking. After booking, Plaintiff Yin Ling Lee was released on a promise to appear citiation and was transported back to her vehicle on Oak Street at Central Avenue.

11. Defendants deny the remaining allegations in paragraphs 10 through 16.

## DAMAGES

12. These answering Defendants deny the allegations in paragraph 17, along with all of its subparts.

## FIRST CAUSE OF ACTION

### (42 U.S.C. Section 1983)

### (Against defendant police officers DOES 1-10, inclusive)

13. In answering paragraphs 18 through 19, and its subparts, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs' Complaint. Defendants deny the allegations in paragraphs 18 through 19.

## SECOND CAUSE OF ACTION

### (42 U.S.C. Section 1983)

### (Against defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive)

14. In answering paragraphs 20 through 27, and its subparts, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs' Complaint. Defendants deny the allegations in paragraphs 20 through 27.

## THIRD CAUSE OF ACTION

### (Assault and Battery)

### (Against defendant police officers DOES 1-10, inclusive)

15. In answering paragraphs 28 through 30, Defendants re-allege their responses to

McNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP
ATTORNEYS AT LAW
P.O. BOX 5288, WALNUT CREEK, CA 94596
TELEPHONE: (925) 939-5330

paragraphs 1 through 17 of Plaintiffs' Complaint. Defendants deny the allegations in paragraphs 28 through 30.

## FOURTH CAUSE OF ACTION

### (False Arrest and Imprisonment)

### (Against defendant police officers DOES 1-10, inclusive)

16. In answering paragraphs 31 through 34, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs' Complaint. Defendants deny the allegations in paragraphs 31 through 34.

## FIFTH CAUSE OF ACTION

### (Intentional Infliction of Emotional Distress)

### (Against defendant police officers DOES 1-10, inclusive)

17. In answering paragraphs 35 through 37, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs' Complaint. Defendants deny the allegations in paragraphs 35 through 37.

## SIXTH CAUSE OF ACTION

### (Violation of Civil Code Section 52.1)

### (Against defendant police officers DOES 1-10, inclusive)

18. In answering paragraphs 38 through 41, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs' Complaint. Defendants deny the allegations in paragraphs 38 through 41.

## SEVENTH CAUSE OF ACTION

### (Negligence)

### (Against defendant police officers DOES 1-10, inclusive)

19. In answering paragraphs 42 through 44, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs' Complaint. Defendants deny the allegations in paragraph 42 through 44.

///

## EIGHTH CAUSE OF ACTION

### (Negligent Hiring, Retention, Training, Supervision, and Discipline)

### (Against defendants CITY; SCOTT KIRKLAND; and DOES 11-25, inclusive)

20. In answering paragraphs 45 through 52, and its subparts, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs' Complaint. Defendants deny the allegations in paragraph 45 through 52.

## NINTH CAUSE OF ACTION

### (Vicarious Liability)

### (Against defendant CITY OF EL CERRITO)

21. In answering paragraphs 53 through 55, Defendants re-allege their responses to paragraphs 1 through 17 of Plaintiffs' Complaint. Defendants deny the allegations in paragraph 53 through 55.

## JURY DEMAND

22. These answering Defendants neither admit nor deny the allegations in paragraph 56 as they are legal matters not proper for admission or denial.

## PRAYER FOR RELIEF

23. These answering Defendants neither admits nor denies the allegations and prayer for relief in the "Prayer" section of the Complaint as they are legal matters not proper for admission or denial.

## AFFIRMATIVE DEFENSES

1. AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

2. AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs have failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiffs' Complaint herein.

3.   AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the Complaint herein, the Plaintiffs failed to mitigate the amount of their damages, if any. The damages claimed by Plaintiff could have been mitigated by due diligence on their part or by one acting under similar circumstances. The Plaintiffs' failure to mitigate is a bar to their recovery under the Complaint.

4.   AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' own negligence in and about the matters alleged in their Complaint herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs bars recovery to Plaintiffs or, in the alternative, that said Plaintiffs' negligence in and about the matters alleged in the Complaint herein proximately contributed to the happening of the accident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiffs requires that any damages awarded Plaintiffs shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to said Plaintiffs.

5.   AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs have failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6.   AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in their actions and the magnitude of the risk involved, assumed the risk of injuries and damages to themselves.

7.   AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs' unclean hands preclude any recovery by Plaintiff.

8. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiffs by virtue of their own conduct and omissions has enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiffs as a result of the acts or omissions complained of herein.

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiffs.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiffs, if committed by Defendants, were consented to by Plaintiff.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable federal and state statutes and case law.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that they are immune from liability herein and/or Plaintiff's claims are time barred pursuant to the provisions of California Government Code Sections 810 through 996.6.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the Complaint herein were based upon the peace officer's reasonable belief that the Plaintiffs had committed crimes in the officer's presence and the officer used reasonable force to detain Plaintiffs, effect the arrest, prevent the escape and/or overcome the resistance of said Plaintiffs; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

14. AS AND FOR A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute probable cause for the arrests of Plaintiffs.

15. AS AND FOR A FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by the Defendants were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and Defendants are therefore immune under the "good faith immunity" and/or qualified immunity doctrines.

16. AS AND FOR A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendants.

17. AS AND FOR A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiffs were themselves violent and were striking, hitting, threatening, and battering the Defendants and the Defendants acted in self-defense.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for the following relief:

1. That Plaintiffs take nothing by way of their Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

Dated: July 24, 2008

MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: _____
James V. Fitzgerald, III
Noah G. Blechman
Attorneys for Defendants
City of El Cerrito and Scott Kirkland

ANSWER TO COMPLAINT – C08-02966 SI            8